# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BRENDA WOODS, ET AL., § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 2-08CV-122 |
| § | |
| GENERAL MOTORS CORPORATION, ET § | |
| AL., § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendants U-Haul International Inc.'s ("U-Haul") and General Motors Corporation's ("General Motors") Motions to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Docket Entry Nos. 14, 44). Plaintiff Brenda Woods opposes this motion. After carefully considering the facts presented, the arguments of all three parties and the applicable law, the court DENIES the motions for the reasons expressed below. Also before the Court are defendants' Motion to Stay Discovery Pending Ruling on Motions to Transfer Venue (Docket Entry No. 50) and U-Haul's Motion for Reconsideration and Motion for Scheduling Conference. (Docket Entry No. 72). These motions are DENIED as moot.

**I.     Background**

Plaintiff Brenda Woods ("Woods") brought this products liability and negligence suit against defendants U-Haul, General Motors, Honeywell International, Inc.'s ("Honeywell") and Key Safety Restraint Systems Inc.'s ("Key Safety"), individually and as representative of the estate of her minor child, Millie Cathryn Woods, who was burned to death as the result of an

1

automobile accident which occurred on April 18, 2006. The accident occurred in McKenzie County, North Dakota when the 2005 GMC U-Haul van/truck, driven by the minor child's father, Paul Woods, was struck head-on by a semi tractor trailer. It is alleged that Millie Woods died because her seatbelt buckle could not be unbuckled or because the seatbelt failed to provide proper restraint. It is undisputed that the family was in the process of moving from Texas to Montana when the accident occurred and that the U-Haul van/truck was picked up by the Woods from P & O Motor Company in Lindale, Texas. Plaintiff alleges manufacturing and design defects that rendered the vehicle and the seat buckles unreasonably dangerous. Plaintiff also alleges that the defendant U-Haul was negligent in failing to replace the buckles and breached implied warranties under the Texas Deceptive Trade Practices Act ("DTPA").

Plaintiff is a resident of Yantis, Wood County, Texas. Defendant General Motors is headquartered in Detroit, Michigan. Defendant U-Haul is headquartered in Phoenix, Arizona. Defendant Honeywell is headquartered in Morristown, New Jersey. Defendant Key Safety is headquartered in Sterling Heights, Michigan.

## II.     Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d

304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted however that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id*. (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *Id*. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*.

1.  **Private Factors**

    a.  <u>Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses</u>

The court will first assess the convenience of the parties involved. The plaintiff resides in Wood County, Texas. Plaintiff, Brenda Woods has provided the Court with affidavit stating that she used to live in Lindale, Texas before the accident and now lives in Yantis, Texas. *See* Affidavit of Brenda Woods, Plaintiff's Response, D.E. No. 16, Ex. A, at 1. She represents to the Court that "traveling has become very stressful for [her], especially to the area where the accident took place." *Id*. at 2. Further, she states that she has undergone major surgery and does not feel physically able to take a long, stressful trip. *Id*. U-Haul points out that plaintiff actually resides in the Tyler Division and not in the Marshall Division of this district. However, this division is less than 100 miles away from the plaintiff's residence. Therefore, the Court finds that this division is clearly more convenient to the plaintiff than the District of North Dakota. The various defendants have headquarters in Michigan, New Jersey and Arizona. None of the defendants are in close proximity to either this District or the District of North Dakota. The Court finds that both this forum and the desired transferee forum would be just as convenient or inconvenient to the defendants. General Motors argues that because it has listed the driver of the semi-truck involved in the accident, Ronald Johnson, as a possible third party,[1] the Court

---

[1] Defendant General Motors lists as one of its affirmative defenses: "As a separate and

should consider his convenience as well in deciding this motion. *See* Motion, D.E. 44, at p. 7-8. However, defendants have just recently sought the Court's leave to designate Ronald Johnson as a responsible third party. (Docket Entry No. 80). The designation of Mr. Johnson as a responsible third party does not require his actual joinder as a party to this case. In any case, the Court has yet to grant such leave, and presently, there are no responsible third-party defendants of record in this case. The Court therefore does not consider the convenience of any possible third parties at this time. *See In re Volkswagen,* 371 F.3d at 204-05 (holding that once a court grants defendants permission to join others as responsible third-party defendants and bring third-party claims against them, the Court is "obligated to recognize the changed nature of the lawsuit," and these others "become 'parties' whose convenience should be assessed on [a] motion to transfer"). Accordingly, the convenience of the parties weighs against a transfer. However, the convenience of the parties and their witnesses is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002).

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional

---

alternative defense, Defendant states that the acts and damages alleged in Plaintiffs' Original complaint, which damages are specifically denied were the proximate result of acts and/or omissions of third parties, to include but not limited to RONALD JOHNSON, thereby barring

travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*.

The parties sharply disagree on which of the two districts is most convenient to a majority of non-party witnesses. Defendants have provided a list of witness who may testify at trial. *See* Reply, D.E. 17, Ex. Koeppl Decl. These include the officers of the North Dakota State Highway Patrol who were at the scene of the accident, other investigators of the accident, the driver of the semi tractor-trailer, personnel from the ambulance service, the coroner and medical examiner. *Id*. Further, defendant General Motors has provided affidavits from three of these witnesses indicating that it would be inconvenient for them to attend trial in the Marshall Division. *See* Motion, D.E. 44, Ex. E-G (Affidavits of Darcy Aberle, Norm Ruud and Reyburn Johnston).[2] On the other hand, the plaintiff argues that since Millie Woods was born and raised in Texas, all her friends and family members, teachers, babysitters and doctors live in the Eastern District of Texas. Plaintiff specifically lists dozens of people in these categories. Plaintiff represents that these witnesses will be able to testify about her life and loss resulting from the accident. Plaintiff also states in her affidavit that the U-Haul trailer was rented in Lindale, Texas. Therefore, plaintiff argues, non-party witnesses who may testify about any representations made at the time of the rental, also reside in the Eastern District of Texas. *See* Response, D.E. 16, at 5.

Defendants argue that the testimony of the North Dakota witnesses is of primary importance and that the Court should ignore the convenience of the Texas witnesses. *See* Reply,

---

recovery therein." *See* Answer to Original Complaint, D.E. 4, at 7.
[2] The Court notes that the Fifth Circuit rejected "the imposition of a blanket rule requiring affidavit evidence." *In re Volkswagen of America*, 545 F.3d at 317, n. 12.

D.E. 17, at 3.  The Court cannot limit the convenience analysis simply to those witnesses who will testify about the accident.  *Cf. In re Volkswagen,* 371 F.3d at 204-05 ("There is clearly nothing in § 1404(a) which limits the application of the terms 'parties' and 'witnesses' to those involved in an original complaint.").  While the Court does not agree with the plaintiff that all of the anticipated testimony of these North Dakota witnesses is merely cumulative, the testimony appears to be greatly overlapping.  All of these witnesses will testify about the details of the accident and facts surrounding the death of the minor child.  Although this is an important aspect of the case, it is not the only contested issue at trial.  Where the only issue in dispute is the negligence of the parties, this Court has held that investigators, accident-scene witnesses, and emergency responders are key witnesses in the case, and has transferred cases based on the convenience of these key witnesses.  *See, e.g., Hobson v. Perez*, No. 2:07-CV-284, D.E. # 16 (E.D. Tex. Oct. 23, 2007) (granting a motion to transfer to the Sherman Division, a negligence case involving parties to a motor vehicle accident that occurred in Grayson County in Sherman Division).  This, however, is a products liability case.  The accident that occurred in North Dakota may have triggered the events that revealed a possibly defective product, but the main issue concerns the design and manufacture of the seat belt and vehicle.  There has been no representation to the Court that witnesses who will testify to this aspect live in North Dakota or would inconvenienced by attending the trial in Texas.  With regard to the North Dakota witnesses, plaintiff has represented to the Court that she stipulates to the actual cause of the accident, thereby resolving the need for some of the fact witnesses that defendants argue would be needed to prove this aspect of the case.  *See* Plaintiff's Response, D.E. No. 47, at 3.  Plaintiff argues that such is not the case on the damages aspect of the case.  *See* Plaintiff's Surreply, D.E.

18, at 4 (representing that if defendants would stipulate to the amount of damages, plaintiff would concede the need for any damages related witnesses to testify at trial). Here again, the Court does agrees with the defendants that the testimony of dozens of damages witnesses would be greatly overlapping. But the Court is not convinced that none of these witnesses are necessary to prove plaintiff's damages case.

In addition, there are witnesses who may testify as to the contract formation between plaintiff and defendant U-Haul, as well as the condition of the trailer at the time it was rented to the Woods family. Plaintiff has alleged Texas DTPA violations against U-Haul. The plaintiff would be unable to develop any case of misrepresentation or unconscionable conduct under the Texas DTPA without the testimony of witnesses to the contract formation or the condition of the trailer at the time of the rental. The Court is not persuaded that these East Texas based witnesses are unnecessary to the trial as well.

While there is no doubt that witnesses from North Dakota would be inconvenienced by having to attend trial in Marshall, the same can be said for witnesses from East Texas having to travel to North Dakota for trial. The Court finds that there are just as many possible witnesses in East Texas as there are in North Dakota. Given the Fifth Circuit's 100 mile threshold, one of these groups of witnesses would be greatly inconvenienced by trying the case in either of the two forums. Therefore, the convenience of non-party witnesses and the costs of attendance for willing witness are neutral to the transfer of this case. Overall, this factor weighs slightly against a transfer to the District Court of North Dakota.

b.  The Relative Ease of Access to Sources of Proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Defendants contend that many of sources of proof including documents are located in North Dakota, where the accident occurred. *See* Motion, D.E. 44, at p. 12. Defendant General Motors has represented to the Court that much of the physical evidence, including the U-Haul truck was destroyed in the fire ensuing from the accident. *See* Reply, D.E. 53, at 2. Plaintiff contends that there are very few documents in North Dakota related to the accident that need to be transported to place of trial. *See* Response, D.E. 47, at 4. The plaintiff argues that all of the important and relevant documents in this products liability case are those in the hands of the defendants and the experts. *Id.* Therefore, it argues that the Court should give no weight to this factor.[3] The Court finds that defendants have not shown that there will be any significant inconvenience if they had to transport documents or other evidence to Marshall, Texas. Indeed, a majority of the documents and other sources of proof are likely located at their headquarters rather than in North Dakota. Further, the trailer was located in Lindale, Texas, before the Woods family rented it. In all likelihood, records relating to any service or maintenance performed on the trailer are located in Texas. Any sources of proof that may be relevant in this case can easily be transported to North Dakota or to Marshall, Texas. This factor is neutral as to transfer of this case.

---

[3] Plaintiff's counsel offers to cooperate with the defendants in transporting any sources of proof to Marshall, Texas, and offers to transport such sources free of charge. *See* Response, D.E. 47, at 5. However, the Court does not take such offers into account while determining the weight

9

c. <u>The Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316.

As discussed above, it is likely that there will be several witnesses located outside of North Dakota and Texas. The defendants have not shown that there is a proper venue that enjoys "absolute subpoena power for both depositions and trial" over all of the witnesses in this case. *Id.* If this Court cannot compel a witness's attendance at trial, neither party is prevented from using the witness's videotaped deposition at trial. *Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F.Supp.2d 676, 679 (E.D. Tex. 2006). In fact, some of the North Dakota witnesses have stated in their affidavits that they are willing to be deposed. *See* Motion, D.E. 44, Ex. E-G (Affidavits of Darcy Aberle, Norm Ruud and Reyburn Johnston). Accordingly, this factor is neutral as to transfer.

**2.      Public Interest Factors**

a. <u>The Administrative Difficulties Flowing from Court Congestion</u>

Defendants contend that the 2007 Federal Court Management Statistics indicate that there is a relative backlog in this district relative to the District of North Dakota. *See* Motion, D.E. 44, at p. 13; Reply, D.E. 17, at 5. As evidence they note that there are currently 3352 cases pending in the Eastern District of Texas as opposed to 346 in the District of North Dakota. *See Federal*

---

to be given to this factor.

*Court Management Statistics*, http://www.uscourts.gov/cgi-bin/cmsd2007.pl. However, defendants fail to note that the same report indicates far more judgeships in this district than in the District of North Dakota. *Id*. Further, there is little doubt that this district is faster at disposing cases than the District of North Dakota. *See id*. (reporting that median time from filing to disposition for civil cases in this district as steady at 9.0 months for the past two years, and at 11.8 and 10.6 months in the District of North Dakota for the years 2006 and 2007, respectively). Plaintiff argues that one of the reasons she has chosen this court is so that she may get to trial sooner than she would at the District of North Dakota. *See* Response, D.E. 16, at 10. Trial in this case is set for May 2009. Therefore, the Court finds that this factor weighs slightly against a transfer.

      b.    <u>The Local Interest in Having Localized Interests Decided at Home</u>

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Plaintiff argues that allegedly defective U-Haul trailers are available for rent not just from the P & O Motor Company in Lindale, Texas, but from dealerships throughout the Eastern District of Texas, "including right down the street from the courthouse in Marshall," and that residents of Marshall would be interested in learning about defective vehicles that they may be exposed to everyday and those that are offered for rental in their area. *See* Response, D.E. 16, p. 10. However, the Fifth Circuit has rejected this rationale in a products liability suit. *See In re Volkswagen*, 545 F.3d at 318 (finding no local interest based on the local availability of a product subject to a product liability claim, as such rationale could apply to virtually any judicial district in the U.S. and would leave no room for

consideration of those actually affected by the controversies and events giving rise to the case). In such a case, courts may look to where the accident occurred, where the witnesses live, where the evidence is located, where the parties live, and where the vehicle was purchased. *Id*. As discussed earlier, the accident occurred in North Dakota. The police and paramedics that responded to the accident live in North Dakota. Some witnesses live in North Dakota, while some live in Texas, even more live elsewhere. While some evidence related to accident is located in North Dakota, there is substantial amount of evidence related to the design of the alleged seatbelt and the vehicle that is located with the defendants. There is damages related evidence and evidence relevant to the U-Haul rental located in Texas. Although the defendants live in neither of the two forums considered, the Plaintiff Brenda Woods lives in the Eastern District of Texas. Millie Woods was born and raised in Texas. The plaintiff and her family were driving from Texas to Montana through North Dakota when the accident occurred.

The parties dispute how the rental contract was formed. Defendants contend that Plaintiff Brenda Woods's husband, Paul Woods had accepted employment at a Flaxville, Montana ranch owned by Todd Southland, and Southland had called the U-Haul reservations center to arrange for a U-Haul trailer for the Woods family. *See* Reply, D.E. 17, at p. 1-2. Plaintiff, Brenda Woods has stated in her affidavit that her husband signed the U-Haul rental contract at P & O Motor Corporation, located in Lindale, Texas. *See* Affidavit of Brenda Woods, Plaintiff's Response, D.E. No. 16, Ex. A, at 1-2.

Contract law, in general provides that when the parties clearly contemplate the execution of another document memorializing their agreement, the question of whether the parties are bound before the completion of the formal agreement is decided by determining the

parties' intent. *See* Restatement (Second) of Contracts § 27 (1979); *see also* A. CORBIN, CORBIN ON CONTRACTS § 30 at 97 (1963) ("It is a question of fact that the courts are deciding, not a question of law; and the facts of each case are numerous and not identical with those of any other case. In very many cases the question may properly be left to a jury."). Although the Court reserves its decision on the substantive law that would apply to plaintiff's claims in this case, it notes that Texas has also adopted this approach. *See Foreca, S.A. v. GRD Development Co., Inc.*, 758 S .W.2d 744, 745 (Tex. 1988); *accord Polychem Int'l Cable Co., Inc. v. Hitachi Cable Am., Inc.*, No. 92-2743., 1994 WL 487144, at *6 (5th Cir. 1994) (unpublished) (holding that the district court did not err in deciding that a preliminary letter of agreement between the parties did not constitute a binding contract where the parties contemplated the execution of another document memorializing their agreement). In this case, the Court does not have sufficient facts to consider whether the initial telephone reservation made by Southland constituted a binding agreement or if it was simply a preliminary reservation that required execution of a written contract between Paul Woods and U-Haul. There is, however, no dispute between the parties on the fact that the U-Haul trailer was picked up by the Woods from P & O Motor Corporation, located in Lindale, Texas. For the purposes of evaluating this 1404(a) factor, the Court finds that the trailer was rented from Lindale, Texas. The trailer was in all likelihood serviced and maintained at same location. Given these facts, the Court finds that both the District of North Dakota as well as this district have sufficient local interest in the outcome of the case to conclude that this factor is neutral to the transfer decision.

c.     The familiarity of the forum with the law that will govern the case

Plaintiff's claims against the defendants include products liability, negligence and various violations of the Texas Deceptive Trade Practices Act. *See* Plaintiff's First Amended Complaint, D.E. 3. Defendants have raised defenses based on the Texas comparative fault statute. Defendants correctly point out that the issue of which substantive law would govern this case has not yet been briefed or decided. For instance, the Court has no evidence of whether there was a choice of law provision within plaintiff's contract with U-Haul. However, for the purposes of this motion, the Court notes its familiarity with the Texas law that could govern this case. This factor does not weigh in favor of transfer.

d.     The avoidance of unnecessary problems of conflict of laws

Plaintiff argues that if transferred, the District of North Dakota will have to apply Texas law to this case. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) ("[A] transferee forum to apply the law of the transferor court, regardless of who initiates the transfer. A transfer under § 1404(a), in other words, does not change the law applicable to a diversity case."). Applying Texas choice of law rules, Plaintiff contends, the District of North Dakota would have to apply Texas law to plaintiff's claims of negligence, products liability and DTPA violations. *See* Response, D.E. 16, at 9. (citing *Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex. 1979) (noting that Texas courts use the "most significant relationship" test of the Restatement (Second) of Conflicts of Laws). As stated earlier, the issue of which substantive law would govern this case has not yet been briefed by the parties or decided by the Court. However, the Court agrees with the plaintiff that requiring the District of North Dakota to analyze Texas choice of law rules and

14

perhaps even Texas substantive law, including the Texas DTPA, would not be appropriate. Therefore, this factor does not weigh in favor of transfer to the District of North Dakota.

**III.    Conclusion**

The Court finds, based on the consideration of both private and public interest factors in this case, that this District is just as convenient, if not more convenient to the parties and the witnesses than the District of North Dakota. The Court rules that because the defendants have failed to show that the transferee venue is clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice of venue should be respected. *In re Volkswagen*, 545 F.3d at 315. The Court therefore DENIES defendants' motions to transfer venue.

It is so ORDERED.

SIGNED this 16th day of January, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE